IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| ARTHUR MARES | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:11v344 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION<br>OF THE UNITED STATES MAGISTRATE JUDGE<br>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Arthur Mares, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Mares was found guilty of possession of alcohol, for which he says that he received punishments of 30 days of cell and commissary restrictions, reduction in classification status, and reduction in custody level. He did not lose any good time, and concedes that he is ineligible for release on mandatory supervision in any event.

Mares complained that the disciplinary case was given to him in retaliation for his helping inmates file complaints on Sgt. Hanson, there was no evidence to support the charges, he is actually innocent, his witnesses were not called, and Sgt. Hanson both wrote the report and investigated it. He also complained that he had been the victim of racial profiling and retaliation in incidents unrelated to the disciplinary case, that the Unit Classification Committee violated prison rules and regulations, and his life was placed in danger when he was reclassified to medium custody.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge concluded that Mares had failed to show the deprivation of a constitutionally protected liberty interest, as set out in <u>Sandin v. Conner</u>, 115 S.Ct. 2293, 2301 (1995). To the extent that Mares set out a retaliation claim, which could be cognizable under 42 U.S.C. §1983, the Magistrate Judge observed that Mares could not evade the statutory filing fees for a Section 1983 action by couching his retaliation claims in a habeas corpus action, and that Mares had not set out a cognizable retaliation claim in any event. The Magistrate Judge did recommended that to the extent that Mares may have set out potential claims cognizable under Section 1983, any such claims be dismissed without prejudice.

Mares filed objections to the Magistrate Judge's Report on August 22, 2011. In his objections, Mares first argues that not only was he deprived of a liberty interest, he was also deprived of a "property interest" which gives rise to a liberty interest. He defines these "property interests" as his "entitlements" to a fair trial, being able to call witnesses, being free from false disciplinary charges, being entitled to a proper investigation, and being entitled to his classification and custody levels.

Mares cites a number of cases in support of his contention, but all of these cases pre-dated <u>Sandin</u>. In <u>Sandin</u>, the Supreme Court said that the analytical framework previously used had "strayed from the real concerns undergirding the liberty protected by the Due Process Clause. The Court explained that the operative interest involved was the nature of the deprivation, not the language of the regulations. The cases cited by Mares applied the analytical framework disapproved by <u>Sandin, and thus</u> are no longer viable in this regard. As the Magistrate Judge stated, the nature of the deprivations imposed upon Mares do not implicate any constitutionally protected liberty interests. Mares' objections in this regard are without merit.

Mares also says that Sgt. Hanson made the statement "now I'm going to show you what a petition will do for you" before writing the disciplinary case. This statement by itself is not sufficient to show that but for the retaliatory motive, Mares would not have received the disciplinary

2

case. *See* Reese v. Skinner, 322 Fed.Appx. 381, 2009 WL 1066997 (5th Cir., April 21, 2009) (allegation that "harassment of him intensified after he started filing grievances" is an insufficient allegation of causation because "temporal proximity alone is insufficient to prove but for causation"), *citing* Strong v. University Healthcare Systems, LLC, 482 F.3d 802, 808 (5th Cir. 2007).

In response to the Magistrate Judge's recommendation that the retaliation claim be dismissed without prejudice, Mares asks that rather than requiring him to file a new lawsuit, the retaliation claim should be consolidated into Mares v. Dean, et al., cause no. 6:11cv115, a case which he had previously filed. However, that case was dismissed on June 7, 2011, and no appeal was taken. Furthermore, that case involved different incidents and different defendants, without any common questions of fact or law, and so Mares has shown no basis for consolidating this claim into that case even were it still open, which it is not. *See* Rule 42(a), Fed. R. Civ. P. Mares' objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, including the original petition, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. Any retaliation claims which may be cognizable in a civil rights lawsuit under 42 U.S.C. §1983 are DISMISSED without prejudice. It is further

ORDERED that the Petitioner Arthur Mares is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 12th day of October, 2011.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**